UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-125-BO

| | |
|---|---|
| ADAM SHINGLETON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOVERNMENT EMPLOYEES )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | ORDER |

This matter is before the Court on Defendant's Motion to Exclude Testimony and Reports of Plaintiff's Experts. For the reasons below, Defendant's Motion to Exclude is DENIED.

## BACKGROUND

Government Employees Insurance Company ("GEICO") provided Plaintiff, Adam Shingleton, with personal automobile liability insurance and uninsured motorist coverage from March 30, 2005 through March 30, 2006. On February 1, 2006, Plaintiff was involved in an accident with Chad O'Neil, an uninsured driver. Plaintiff made a claim to GEICO pursuant to his uninsured motorist coverage, and GEICO denied his claim.

Plaintiff filed this lawsuit on June 19, 2006 in New Hanover County Superior Court. Plaintiff voluntarily dismissed his Complaint on February 5, 2007, and filed an Amended Complaint on January 28, 2009. Plaintiff's Amended Complaint asserts three claims: (1) breach of contract; (2) bad faith; and (3) unfair and deceptive trade practices. Defendant removed the action to this Court on August 3, 2009, based on diversity jurisdiction. On September 29, 2009, U.S. Magistrate Judge William A. Webb entered an order approving the parties' discovery plan.

The scheduling order required Plaintiff to disclose expert reports by November 2, 2009 and for the Defendant to disclose the same by March 1, 2010.

## DISCUSSION

Defendant seeks to exclude Plaintiff's expert witnesses' testimony and reports because they argue Plaintiff did not turn over this information in a timely fashion and failed to comply with the scheduling order. Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Id.* "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rules 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> [I]n determining whether a party's nondisclosure of evidence was substantially justified or harmless . . . for purposes of a Rule 37(c)(1) analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003).

In this case, Defendant does not allege, nor is there evidence to support the contention that Plaintiff withheld any information for an improper purpose. Defendant also does not allege that the experts' testimony or reports are unreliable or that the experts are unqualified. The only contention is that the information was not turned over in a timely fashion. Defendant also had some of the information prior to the deadlines set in the scheduling order. Plaintiff continued to

turn over information after the deadline, and while this information should have been turned over more expeditiously, Plaintiff's error was substantially harmless. Defendant has had the information for more than five months and thus the 'surprise,' if any, has been cured. In addition, as a trial date has yet to be set, and dispositive motions had not been filed at the time of this motion or prior to the time when Plaintiff turned over the expert information, there is no significant disruption. To exclude this evidence on the other hand, would greatly prejudice Plaintiff. Thus, Defendant's Motion to Exclude is DENIED. If Defendant has not done so, Defendant has until August 1, 2010 to designate any additional experts for the limited purpose of addressing the claims of Plaintiff's experts.

## CONCLUSION

Accordingly, Defendant's Motion to Exclude is DENIED.

SO ORDERED.

This __15__ day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE